IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00777-BNB

VINCENT M. WILLIAMS,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 2 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Vincent M. Williams, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at FCI Florence. Mr. Williams initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On April 22, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response and address the affirmative defense of exhaustion of administrative remedies. Respondent filed a Preliminary Response on May 12, 2008, and Applicant filed a Reply on May 23, 2008. Respondent also filed a Motion for Leave to File Supplement to Preliminary Response and a Supplement to Preliminary Response on May 30, 2008. On June 12, 2008, Applicant filed a Supplemental Reply.

The Court must construe Mr. Williams' Application, Reply, and Supplemental Reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the

Application, Reply, and Supplemental Reply are held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Williams currently is serving a twelve-month plus one-day sentence for a violation of the conditions of his supervised release. Applicant sets forth two claims in the Application. He asserts (1) that his security and custody classifications have been arbitrarily and capriciously increased resulting in his placement in a dangerous correctional institution rather than a prison camp in violation of 18 U.S.C. § 3621(b); and (2) that his placement in a halfway house for at least the last six months of his sentence has been denied by BOP officials in violation of 28 U.S.C. § 3621(b). As relief, Mr. Williams seeks placement in a halfway house for the last six months of his sentence or a transfer to a prison camp within 500 miles of Springfield, Illinois. Applicant concedes that he has not exhausted his administrative remedies but contends exhaustion is futile. Although, pursuant to *Montez v. McKinna*, 208 F.2d 862, 866 (10th Cir. 2000), the Court may dismiss the instant Application on the merits without reviewing the exhaustion question, the Court finds that the arguments set forth by Respondent in the Preliminary Response and the Supplement require comment.

Applicant asserts that in light of *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), and the BOP's refusal to comport with the duties mandated under § 3621(b), it would be futile to require exhaustion of administrative remedies. (Application at 2.) Applicant contends that prison staff refuses to consider the five factors under § 3621(b)

2

for determining the length of time that he should be placed in a halfway house. (Application at 3.) Applicant also asserts that he first communicated his request for a six-month placement in a halfway house on February 1, 2008, when he talked with Warden J. M. Wilner. (Reply at 2.) Applicant further asserts that Warden Wilner told him he would assist him in helping to obtain a six-month placement at a halfway house after Applicant had prepared, and the Warden had received, a written request. (Reply at 2.) Applicant also asserts that the Warden told him on February 1, 2008, that he did not need to file a request for an administrative remedy regarding the halfway house placement. (Reply at 3.)

Applicant has attached a copy of the response from the Acting Warden regarding the February 26, 2008, informal request that he asserts he personally handed to Warden Wilner on February 26. The response indicates that the request was not received by the Warden's office for thirteen days, however, until March 10, 2008, and the response is dated as signed on March 19, 2008. (Reply at Ex. 1B.) Mr. Williams also asserts that he submitted a BP-8 Request for Administrative Remedy form to his unit manager and correctional counselor on February 28, 2008, to which he did not receive a response until March 10, 2008. (Reply at 3.) Applicant further states that he filed a BP-9 Request for Administrative Remedy form with the Warden, on March 17, 2008, that the request was not responded to within the twenty-day time period set forth in 28 C.F.R. § 543.18, and that he proceeded, on April 10, 2008, to file a BP-10 Regional Administrative Remedy Appeal with the Regional Director. (Reply at 4.) Mr. Williams also states that the BP-10 appeal was rejected on April 17, 2008, and returned to him on April 30, 2008, the same day he received a response to his BP-9 request.

3

(Reply at 4.) Applicant asserts that on May 1, 2008, he resent the rejected BP-10 appeal and the response to the BP-9 form to the Regional Director. (Reply at 5.)

In the Preliminary Response, Respondent argues that Applicant filed a BP-8 Request for Administrative Remedy with his unit team that was denied on February 29, 2008. (Answer at 4.) Respondent further asserts that the BP-9 Request for Administrative Remedy that Applicant sent to the Warden regarding placement in a halfway house was logged in and considered received on March 26, 2008, and that the Warden issued his decision fourteen days later on April 11, 2008, within the time allowed under 28 C.F.R. § 542.18. (Answer at 7.) Respondent contends that the on next day, April 12, 2008, Applicant executed the instant action with this Court, and rather than following the instructions for appealing his first administrative action he commenced a separate administrative action directly with the Regional Director. (Answer at 4.) Respondent concludes that Applicant should not be allowed to short-circuit the BOP's administrative grievance procedure, and the action should be dismissed because Applicant has failed to exhaust his administrative remedies. (Answer at 6.)

In the Supplement to Preliminary Response, Respondent asserts Applicant submitted a corrected BP-10 appeal to the Regional Director that was received by the Regional Director on May 5, 2008, and was responded to by the Regional Director on May 23, 2008. (Supplement at 3.) Respondent also acknowledges on Page Two of the Supplement that Applicant filed an inmate request to staff on February 26 that was logged in as received on March 10, 2008, and was responded to by the Warden office's on March 19, 2008.

The Court is troubled by Respondent's discussion regarding Applicant's attempts to exhaust his administrative remedies. First, the Court finds that it took thirteen days from February 26, 2008, the date Applicant signed and personally handed the Warden his informal request, until the Warden's office marked the request as received, on March 10, 2008.[1] What possible explanation exists for this thirteen day delay by the Warden in marking the informal request as received? Similarly, Respondent fails to address the nine day delay from March 17, 2008, when Applicant submitted his BP-9 Request for Administrative Remedy, to March 26, 2009, when the Warden's office finally stamped the BP-9 form as received.

The Court also finds it disconcerting that it took sixteen days, from March 26, 2008, to April 11, 2008, to provide the same response to Applicant's B-9 request as he had provided to Applicant's informal request on March 19, 2008. Furthermore, there is no indication, and Respondent provides no evidence, that Mr. Williams delayed the processing of either the informal request or the B-9 request by not placing the requests in the prison mail on the day that he signed and dated them.

Second, Respondent's conclusion that Applicant opted to file a second request for administrative remedy directly with the Regional Director rather than waiting to receive a response to his B-9 request and then filing an appeal, if necessary, is incorrect. Respondent provides no documentation that Applicant received the response from the Warden prior to the date Applicant submitted the BP-10 Regional Administrative Remedy Appeal form to the Regional Director. Mr. Williams could not

---

[1] Respondent does not deny that the informal request was handed to the Warden on February 26, 2008.

5

have expected that it would take nine days from the date he signed, dated, and placed the request in the prison mail for the Warden to receive the request. Applicant sent the appeal to the Regional Director on April 10, 2008, well over twenty days after he had signed, dated, and sent the formal request to the Warden's office.

The Court also notes that the BP-10 appeal form was received by the Regional Director on April 14, 2008. Applicant did not receive a copy of the Warden's April 11, 2008, response until April 30, 2008. (Reply at Ex. 6.) Furthermore, the Court finds, contrary to Respondent's argument, that the copy of the BP-10 appeal Applicant sent to the Regional Director on April 10, 2008, indicates Applicant was intending to appeal his request for halfway house placement because the Warden had failed to provide a timely response to his request, and the failure to timely respond constituted a denial at that level. (Reply at Ex. 4.) The Court disapproves of the fact that apparently it took the Warden, located at the same prison facility where the inmate is incarcerated, to receive a request for administrative remedy form than it took for a regional director, located in a different state, to receive an appeal.

The Court further notes that Respondent has provided conflicting information in the Supplement filed on June 2, 2008. Respondent provides a Declaration by Benjamin Brieschke, in which he attests that the Regional Director rejected Applicant's appeal on May 23, 2008. (Supplement, Benjamin J. Brieschke Declaration at 5.) The documentation that is attached, and to which Mr. Brieschke refers as a basis for his assertion, however, does not indicate that the appeal was rejected on May 23, 2008. (Supplement, Attach. 1 at 4.) The Administrative Remedy Generalized Retrieval printout indicates that on May 23, 2008, the "Request Reconsideration of ½ Way House

6

Placement" was "CLD." (Supplement, Attach. 1 at 4.)  Although it is not clear what CLD means, because Respondent has not provided a key for the terms contained on the printout, it is clear that it does not mean that the request was rejected. The entry above the May 23, 2008, entry on the printout has the letters "REJ" under the status category, which clearly stands for rejected.

Even though Respondent's Preliminary Response and Supplement indicate that the processing of Applicant's request for administrative remedy at the prison is highly irregular, Applicant now has been able to receive a response from the Regional Director in a timely manner and is able to appeal his claims to the National Inmate Appeals Administrator.  Nonetheless, based on the attachments provided by both Applicant and Respondent, the Court finds that Applicant's claims lack merit.

Applicant was told that the Unit Team will request a sixty-day placement. (Answer at Attach. 3 and Reply at Exs. 2 and 6.)  The Warden further stated that the placement is appropriate for Applicant's sentence and will give him sufficient time to secure housing and employment.  (Reply at Ex. 6.)  There is no indication that Respondent refused to consider Applicant's request for halfway house placement because he relied on a categorical regulation to determine when Applicant should be transferred to a halfway house.  Furthermore, unlike *Wedelstedt*, Mr. Williams was considered for placement in a halfway house prior to the last ten percent of his sentence.

Also, Mr. Williams is not entitled to a transfer to a halfway house.  The only requirement is that the BOP must consider the factors set forth in 18 U.S.C. § 3621(b) without regard to the invalid regulations under 28 C.F.R. §§ 570.20 and 570.21.  The

7

Court finds that even if the Court were to waive the exhaustion requirement, the BOP has not violated Mr. Williams due process rights in determining when he should be considered for placement in a halfway house.

Applicant concedes that he has not exhausted his claim that his security and custody classifications have been arbitrarily and capriciously increased resulting in his placement in a dangerous correctional institution rather than a prison camp in violation of 18 U.S.C. § 3621(b). He does not allege that requiring him to exhaust this claim would be futile. The claim also more properly is raised in a Prisoner Complaint filed pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau**, 403 U.S. 388 (1971). Accordingly, it is

ORDERED that Respondent's Motion for Leave to File Supplement to Preliminary Response, (Doc. No. 8, Part No. 1), filed June 2, 2008, is granted. It is

FURTHER ORDERED that Applicant's Motion for Leave to File Supplemental Reply, filed June 12, 2008, is denied as unnecessary. It is

FURTHER ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this __1__ day of ____July____, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00777-BNB

Vincent M. Williams
Reg. No. 10519-026
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/2/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk